Michael D. Corey
SANDBERG, WUESTENFELD & COREY
701 W. 8th Avenue, Suite 1100
Anchorage, AK  99501
Phone:  (907)276-6363
Fax:  (907)276-3528
mdc1@aol.com

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| DEBBIE and PAUL K. GUNDERSON, husband and wife, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| CITY OF SAND POINT, a Municipal Corporation, | ) ) ) |
| Defendant. | ) Case No.:3:06-cv-00157 (TMB) ) |

ANSWER TO COMPLAINT FOR TRESPASS, DEFAMATION AND OTHER INJURIES TO DIGNITY, NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AND FOR PUNITIVE DAMAGES

Defendant, City of Sand Point, a Municipal Corporation, by and through its counsel of record, Sandberg, Wuestenfeld & Corey hereby Answers Plaintiffs' Complaint for Trespass, Defamation and Other Injuries to Dignity, Negligent Infliction of Emotional Distress and for Punitive Damages as follows:

## THE PARTIES AND JURISDICTION

1.    Denied.

2.    Admitted.

3.    Admitted.

4.    Admitted that this Complaint alleges a violation of Plaintiffs' Constitutional Rights.  Any remainder of paragraph 4 is denied.

5.    Admitted that U.S. District Court has jurisdiction over the parties and issues presented in this Complaint.

6.    Admitted that U.S. District Court District of Alaska at Anchorage is the proper venue for this action.

## FACTUAL BACKGROUND

7.    Admitted that Chief Shoemaker was and is the Chief of Police in Sand Point.  Admitted that Alvin Osterback was and is a police officer for the City of Sand Point.  Admitted that plaintiffs' occupied the residence located on Red Cove Road in Sand Point, Alaska.    The remainder of paragraph 7 of Plaintiffs' Complaint is denied.

8.    Admitted that the Plaintiffs' residence was entered without a warrant.  The remainder of paragraph 8 is denied.

9.    Whether Plaintiffs were sleeping immediately prior to entry is denied for lack of information.    Denied that plaintiffs "in no way consented to the entry."

10.  Denied for lack of information.

11.  Denied that paragraph 11 accurately describes the events taking place at the Plaintiffs' home.

12.  Denied.

13.  Admitted that Chief Shoemaker entered Plaintiffs' home. Whether Officer Osterback also entered is denied.

14.  Denied that paragraph 14 accurately describes the events and/or the duration of such events at Plaintiffs' home on the date in question.

15.  Denied.

16.  Defendant lacks information sufficient to understand what is exactly meant by Plaintiffs' reference to Ms. Gunderson being "only partially dressed at the time Chief Shoemaker and Officer Osterback entered plaintiffs' residence and while they were inside".  Defendant therefore denies this assertion at this time.

17.  Denied.

18.  Admitted that Chief Shoemaker's and Officer Osterback's contact with plaintiffs on the day in question were within the course and scope of their official duties as police officers of Sand Point.  Any remainder of paragraph 18 of Plaintiffs' Complaint is denied.

## FIRST CAUSE OF ACTION - TRESPASS BY DEFENDANT

19. Defendant hereby re-alleges, and incorporates herein by reference its responses to paragraphs 1-18 of Plaintiffs' Complaint.

20. Denied.

21. Denied.

22. Denied.

## SECOND CAUSE OF ACTION - DEFAMATION AND OTHER INJURIES TO DIGNITY

23. Defendant hereby re-alleges, and incorporates herein by reference its responses to paragraphs 1-22 of Plaintiffs' Complaint.

24. Denied.

25. Denied.

## THIRD CAUSE OF ACTION - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

26. Defendant hereby re-alleges, and incorporates herein by reference its responses to paragraphs 1-25 of Plaintiffs' Complaint.

27. Denied.

28. Denied.

## FOURTH CUASE OF ACTION - PUNITIVE DAMAGES

29. Defendant hereby re-alleges, and incorporates herein by reference its responses to paragraphs 1-28 of Plaintiffs' Complaint.

30. Denied.

31. Denied.

AFFIRMATIVE DEFENSES

Defendant reserves the right to forward affirmative defenses as may appear appropriate on the developing facts including but not limited to the following:

1. Plaintiffs fail to state a claim upon which relief can be granted.

2. Plaintiffs' claims are barred by the appropriate statutes of limitations.

3. Any damages suffered by the plaintiffs are the result of their own comparative negligence.

4. Any entitlement to recovery possessed by plaintiffs should be prohibited in an amount commensurate with plaintiffs' own failure to mitigate damages.

5. Plaintiffs' lawsuit fails due to insufficiency of service and/or insufficiency of service of process.

6. Plaintiffs, and each of them, are precluded from being awarded punitive damages against the City of Sand Point.

7. Some or all of damage and theories upon which the entitlements are alleged are not available within a "§1983" action.

8. Sand Point is entitled to immunity from some or all of Plaintiffs' claims.

<u>JURY DEMAND</u>

In the event a trial is conducted in this case, defendant demands that it be conducted before a jury.


WHEREFORE, defendant respectfully requests this Court for relief as follows:

1.    That plaintiffs' complaint be dismissed in its entirety, with prejudice;

2.    For an award of costs and attorney fees for having had to defend this action; and,

3.    For other and further relief as this Court deems just and equitable.


Respectfully submitted this 7th day of July, 2006, at Anchorage, Alaska.


<u>s/Michael D. Corey</u>
SANDBERG, WUESTENFELD & COREY
ABA #8511130
701 W. 8th Avenue, Suite 1100
Anchorage, Alaska 99501
Phone: (907) 276-6363
Fax: (907)276-3528
E-Mail: <u>mdc1@aol.com</u>
Attorneys for Defendant

<u>Certificate of Service</u>

I hereby certify that on this 7th day of
July, 2006 a copy of the foregoing
<u>Defendant's Answer to Complaint for</u>
<u>Trespass, Defamation and Other Injuries to</u>
<u>Dignity, Negligent Infliction of Emotional</u>
<u>Distress and for Punitive Damages</u>
was served by U.S. Mail on:

David R. Edgren
Edgren Law Offices, LLC
750 East Fireweed, Suite 201
Anchorage, AK  99503


<u>s/Michael D. Corey</u>