RECEIVED
JAN 29 2007
CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA
ANCHORAGE DIVISION

DEBBIE and PAUL K. )
GUNDERSON, husband and wife, )
                               )
      Plaintiffs, )
                               )
vs. )
                               )
CITY OF SAND POINT, a )
Municpal Corporation, )
                               )
      Defendant. )   Case No. 3:06-cv-00157-TMB
                               )

**OPPOSITION TO DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT**

OPPOSITION

COMES NOW Plaintiffs, by and through their attorneys, Edgren Law Offices, LLC, and hereby state and assert their opposition to Defendant's pending motion for summary judgment. Defendant's motion should be denied as poorly taken as to Plaintiffs' claims as pled in their complaint originally filed in the Superior Court of the State of Alaska, same being removed to this court on the non-opposed motion of Defendant. While Defendant may be and would appear to be correct under the holding in <u>Monell v. Dept. of Soc. Svcs. Of the City of New York</u>, 436 U.S. 658 (1978) that Plaintiffs cannot hold Defendant accountable under a theory of *respondeat superior* for the acts of its Police Chief and officers to such extent as those acts would offend the United States'

EDGREN LAW OFFICES, LLC
750 East Fireweed, Suite 201
Anchorage, Alaska 99503
Telephone (907) 272-3325
Facsimile (907) 272-3317

Constitution, Plaintiffs' contentions in this litigation also raise corresponding claims grounded in the Alaska Constitution that are not similarly barred, and those state law claims are triable by this court.

## LAW AND ARGUMENT

Defendant's motion is styled as a "motion for summary judgment," although in actually it is a motion for dismissal based upon failure to state a claim upon which relief may be granted under Fed. Rule. Civ. P. 12. In sum, Defendant asserts that Plaintiffs' complaint, at bottom, alleges that to such extent as the Police Chief and Officer of Defendant, which is a Municipal Corporation and city of the State of Alaska, entered Plaintiffs' residence and did the other acts complained of in violation of the Fourth Amendment to the United States Constitution, *viz*:

> The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

the action is susceptible to summary judgment because, as a matter of federal law, same must be brought as a cause under 42 U.S.C. §1983 and the United States Supreme Court, in Monell, barred claims under that statute against municipalities when their only liability would lie through the application of the doctrine of *respondeat superior*. See Monell, 436 U.S. at 91.

While Plaintiffs have never pursued federal law claims in this litigation, they acknowledge that Defendant would appear, in its motion, to have found the governing law

EDGREN LAW OFFICES, LLC
750 East Fireweed, Suite 201
Anchorage, Alaska 99503
Telephone (907) 272-3325
Facsimile (907) 272-3317

as to such claims and applied it correctly. Plaintiffs do not object to the entry of an order dismissing with prejudice any federal law-based claims to the extent they would be deemed brought in this litigation. That said, Plaintiffs have the same claims under the laws of the State of Alaska, and those claims are not likewise barred by any state equivalent of 42 U.S.C. §1983, or, as is explained following, by any other state law. This court has the ability to hear and consider Plaintiffs' state law claims under 28 U.S.C. §1367, which affords this court "supplemental jurisdiction" as to such, as follows.

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. §1367(a).

Article I, §14 of the Alaska Constitution provides as follows

> The right of the people to be secure in their persons, houses and other property, papers and effects, against unreasonable searches and seizures, shall not be violated. No warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

But for some capitalized words and the addition of "other property" after the word "houses," the language of this section is the same as that of the Fourth Amendment. While Defendant's motion is supported by a lengthy affidavit given by Defendant's Police Chief, no basis for the motion is asserted out of Defendant's "side of the story," an account which Plaintiffs, and each of them, dispute in many respects. The affidavits of

**OPPOSITION TO DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT -- PAGE 3 OF 6**

Defendants setting out their position in the matter are filed herewith. Among the tasks facing this court in considering Defendant's motion is not having to weigh this conflicting evidence. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In any event, none of that evidence, as noted, has any bearing of the outcome of Defendant's motion.

The law of the State of Alaska applicable to the issue presented is as follows. The threshold question is whether the state has granted, by statute, absolute immunity to the Defendant, as one of its political subdivisions, from tort and other civil damages liability. Review of the Alaska Statutes reveals that the state has granted municipalities limited sovereign immunity under AS 09.65.070 which protects them from such suits in certain circumstances. The Alaska Supreme Court, in applying the state's sovereign immunity statutes, has adopted a distinction between governmental planning decisions, which generally enjoy immunity, and operational decisions, which do not enjoy immunity. Industrial Indemnity Co. v. State, 669 P.2d 561 (Alaska 1983). The Alaska Supreme Court has refused to use a mechanical test in determining whether a particular function or duty is immune from suit and weighs the possibility that liability may inhibit the vigorous performance of the state in its duties. State v. Abbott, 498 P.2d 712 (Alaska 1972) (excessive judicial interference with important decisions committed to the coordinate branches of government should be avoided); Adams v. State, 555 P.2d 235 (Alaska 1976) (Alaska Supreme Court declined to adopt a systematic test in determining whether a particular duty is discretionary). However, in the instant situation this initial question is easily answered- it is inarguable that, accepting whichever version of the facts one might,

EDGREN LAW OFFICES, LLC
750 East Fireweed, Suite 201
Anchorage, Alaska 99503
Telephone (907) 272-3325
Facsimile (907) 272-3317

OPPOSITION TO DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT -- PAGE 4 OF 6

the Defendant's Police Chief and his officer were involved in the operational aspects of governmental function in seeking to question a specific suspect to a crime in a particular, situation-specific manner.

The remaining question that must be answered is whether the Defendant can be held liable for actions of its Police Chief and officer that are, accepting Defendant's position stated in its motion that those actions are completely independent of any municipal control and supervision. The Alaska Supreme Court, in adopting such a position, has observed that there are numerous cases where it has been determined that a municipality is vicariously liable for the actions of its employees, agents, and officers under the traditional tort principle of *respondeat superior*. See Taranto v. North Slope Borough, 909 P.2d 354, 358 (Alaska 1996). In Taranto, the state's high court noted its prior application of the Restatement (Second) of Agency rule that an employer will be held liable for both negligent and intentional torts of its employee to such extent as the employee "is acting in the scope of his employment." Id. The Taranto holding goes on to note that the application of that rule is a question of fact, in noting that the Alaska Supreme Court had "[r]epeatedly stated that the determination of whether an employee is acting within the scope of employment is a fact-specific issue requiring case-by-case determination." Taranto, 909 P.2d at 359.

The Alaska Supreme Court has often remarked that when there is negligence, liability is the rule, and immunity the exception. See, e.g., Japan Air Lines Co., Ltd. v. Alaska, 628 P.2d 934, 937 (Alaska 1981). It would be outrageous, taking Plaintiffs'

EDGREN LAW OFFICES, LLC
750 East Fireweed, Suite 201
Anchorage, Alaska 99503
Telephone (907) 272-3325
Facsimile (907) 272-3317

OPPOSITION TO DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT -- PAGE 5 OF 6

claims as true for the sake of argument, that Defendant would have its police officials and officers violating basic Constitutional rights without fear of sanction. Alaska has recognized the need for such redress to be available in its statutes and case law. Defendant's removal of this case to the federal courts, to the extent Defendant believed that such action would serve to strip Plaintiffs of the ability to defend themselves against the Constitutional wrongs alleged, would stand as a shameful and arrogant action, and a use of the law to subvert justice. As has been established in this opposition, summary judgment will not lie in this case for the reasons advanced by Defendant in its motion. Should this honorable court, however, believe that it is not appropriate to proceed in the absence of any federal grounds for litigation, it should return the action to the Alaska courts, where Plaintiffs, under the laws of the state, will have their day.

DATED at Anchorage, Alaska, this 22nd day of January, 2007.



EDGREN LAW OFFICES, LLC

By: _____
David R. Edgren
Alaska Bar No. 9406058

EDGREN LAW OFFICES, LLC
750 East Fireweed, Suite 201
Anchorage, Alaska 99503
Telephone (907) 272-3325
Facsimile (907) 272-3317

CERTIFICATION OF SERVICE
AND OF TYPEFACE AND FONT SIZE

I CERTIFY THAT, on the date noted below, I served by USPS a true and correct copy of this document on:

M. Corey, Esq., Atty for De

I FURTHER CERTIFY THAT the foregoing document is prepared in Times New Roman typeface with a 13 point type size.



1-23-07
Date          R. Combs, Legal Asst.

**OPPOSITION TO DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT -- PAGE 6 OF 6**