IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA
ANCHORAGE DIVISION

| | |
|---|---|
| DEBBIE and PAUL K. GUNDERSON, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF SAND POINT, a Municpal Corporation,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 3:06-cv-00157-TMB |

**RECEIVED JAN 29 2007 CLERK, U.S. DISTRICT COURT ANCHORAGE, A.K.**

AFFIDAVIT OF DEBRA A. GUNDERSON

YOUR AFFIANT, Debra A. Gunderson, under oath, deposes and states as follows:

1. I am one of the Plaintiffs in this action. I am over the age of 18, am of sound and clear mind, and have personal knowledge of the things I say.

2. I write this affidavit to memorialize before further time passes my recollection of the events and circumstances of June 5, 2004, during which time Sand Point Police Chief Joseph Shoemaker and Officer Alvin Osterback entered my residence on Red Cove Rd, Sand Point, without a warrant and in violation of my rights.

3. At around 4:30 a.m. on the aforesaid date, I awoke with my husband to the sound of banging on an inside door of our house.

EDGREN LAW OFFICES, LLC
750 East Fireweed, Suite 201
Anchorage, Alaska 99503
Telephone (907) 272-3325
Facsimile (907) 272-3317

AFFIDAVIT OF DEBRA A. GUNDERSON -- PAGE 1 OF 5

4. My husband arose and answered the door and came back to tell me it was the police. I asked him to go back and ask what they wanted.

5. A short time later, my husband came back and told me the police were asking to talk with our son Paul K. Gunderson, III and that he had asked our son if he wanted to get up and talk with them and that our son had said he didn't.

6. My husband further told me that the police were insistent on talking with our son after they were informed he did not wish to speak with them.

7. As our year and one-half year old granddaughter was being babysat by us and was sleeping in our room, I put on pants under my nightgown in the dark and came out to the door that the police were banging on.

8. I opened the door one-quarter of the way and saw Chief Shoemaker. I asked him what was going on and he said he needed to talk with my son. I asked him if there was a problem, and the Chief told me my son had been observed operating a vehicle while intoxicated. I asked him if the matter could not wait until the morning.

9. I was told the Chief wanted to talk with my son immediately. I went to my son's room and asked him to get up and talk with the Chief. My son walked out to the door, which was still one-quarter open, and began talking to the Chief. This went on for about 10-15 minutes, at which point my son turned around and said he was going back to bed.

EDGREN LAW OFFICES, LLC
750 East Fireweed, Suite 201
Anchorage, Alaska 99503
Telephone (907) 272-3325
Facsimile (907) 272-3317

**AFFIDAVIT OF DEBRA A. GUNDERSON -- PAGE 2 OF 5**

10. During my son's discussion with Chief Shoemaker, I asked several times if this could not be done in the morning. I was ignored. I asked if the Chief had any warrant. I was informed "no, but I can get one right away."

11. I was standing behind my son, who began to walk around me to return to his room. We were standing in the old Arctic entryway to our house, which is narrow.

12. Chief Shoemaker at that point shoved the door open all the way, lowered his shoulder and charged into the interior of our home.

13. I shouted "Stop! I don't want you in my house." As he was headed right towards me, I put my hands up to protect myself and began to step backwards.

14. Chief Shoemaker ran into me shoulder-first. The other officer followed the Chief in.

15. My husband stepped forward to try to intercede. I stepped back out of the doorway.

16. The Chief chased my son into the house and grappled with him several times. I followed them and told them to stop. I told my son to go to the kitchen. Officer Osterback was somewhere close behind me. I told the Chief and officer that we had a baby sleeping in the house and that I wanted them to leave.

17. The Chief and the officer went to the kitchen and resumed their interrogation of my son. I estimate that this went on for about an hour.

EDGREN LAW OFFICES, LLC
750 East Fireweed, Suite 201
Anchorage, Alaska 99503
Telephone (907) 272-3325
Facsimile (907) 272-3317

**AFFIDAVIT OF DEBRA A. GUNDERSON -- PAGE 3 OF 5**

18. I asked several times again that the police would leave. I continued to be ignored.

19. Finally I said that I was going to call a lawyer. I walked to our computer to get a number. I heard the Chief say to my son "We are going to cut you a break and not arrest you."

20. I believe that the Chief said to me "I'm sorry about all this" and that I responded briefly about my son.

21. The Chief and Officer Osterback then left.

22. I was both mortified and humiliated by this situation. I was only partially dressed the entire time. I felt violated.

23. No warrant was ever produced providing for the police to be inside my house on June 5th. As time passes, I have become more and more angry and sad about the invasion of my home.

FURTHER YOUR AFFIANT STATES NOUGHT.

*/s/ Debbie Gunderson*
DEBBIE GUNDERSON

STATE OF ALASKA        )
                       :ss
THIRD JUDICIAL DISTRICT )

SUBSCRIBED AND SWORN before me at Dutch Harbor, Alaska, this ___ day of January, 2007.

_____
Notary Public in and for Alaska
My commission expires: _____

**AFFIDAVIT OF DEBRA A. GUNDERSON -- PAGE 4 OF 5**

EDGREN LAW OFFICES, LLC
750 East Fireweed, Suite 201
Anchorage, Alaska 99503
Telephone (907) 272-3325
Facsimile (907) 272-3317

**EDGREN LAW OFFICES, LLC**
750 East Fireweed, Suite 201
Anchorage, Alaska 99503
Telephone (907) 272-3325
Facsimile (907) 272-3317

**CERTIFICATION OF SERVICE
AND OF TYPEFACE AND FONT SIZE**

I CERTIFY THAT, on the date noted below, I served by USPS a true and correct copy of this document on:

M. Corey, Esq., Atty. For Def.

I FURTHER CERTIFY THAT the foregoing document is prepared in Times New Roman typeface with a 13 point type size.

 

1-23-07
Date        R. Combs, Legal Asst

**AFFIDAVIT OF DEBRA A. GUNDERSON -- PAGE 5 OF 5**