IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DEBBIE and PAUL K. GUNDERSON, husband and wife,<br><br>            Plaintiffs,<br><br>  vs.<br><br>CITY OF SAND POINT, a Municipal Corporation,<br><br>            Defendant. | Case No. 3:06-cv-157   TMB<br><br>O R D E R |

      On June 5, 2006, Plaintiffs filed their Complaint in state court alleging that two Sand Point police officers entered their home on June 5, 2004, causing injury to Mrs. Gunderson. Plaintiffs allege that the entry was "unconstitutional and unlawful," and seek damages in excess of $350,000 for trespass, defamation, and negligent infliction of emotional distress, and seek punitive damages in excess of $1,000,000. Defendant, City of Sand Point, removed this case from the Superior Court for the State of Alaska to U.S. District Court for the District of Alaska as a result of Plaintiffs alleging compromise of their constitutional rights. Plaintiffs did not request a remand.

      Plaintiffs' Complaint was styled in such a fashion so as to constitute a claimed breach of 42 U.S.C. §1983. Defendants now move for summary judgment, arguing that 42 U.S.C. §1983 does not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort.[1] "[A] municipality cannot be held liable solely because it employees of tortfeasor or, in other words, a municipality cannot be held liable under §1983 on a respondeat superior theory."[2] Defendant concludes that "[t]he entirety of Plaintiffs' Complaint is predicated on allegations of unconstitutional behavior on the part of employees of Sand Point, a

---

[1] *See Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978).

[2] *Id.* at 691.

1

municipal corporation. No portion of Plaintiffs' Complaint alleges any unconstitutional municipal policy.  Sand Point should therefor be dismissed."[3]

Plaintiffs' Opposition to the Motion for Summary Judgment concedes that Plaintiffs cannot hold Defendant accountable pursuant to the reasoning in *Monell*, and notes that they never have pursued any Federal claims.  However, Plaintiff suggests that corresponding claims under the Alaska constitution are not barred, and that this court should exercise supplemental jurisdiction under 28 U.S.C. §1367 to try those state claims.

Defendants suggest that contrary to plaintiffs' assertions, departure from a §1983 analysis does not yield a viable theory of recovery.  "Adjudication of plaintiffs' §1983 action is dispositive of the entirety of this case. There is no remainder over which to exert pendant jurisdiction. There is no remainder for remand."

The parties having agreed that there are no cognizable Federal claims in this matter, this court declines to exercise supplemental jurisdiction.  28. U.S.C. § 1367.

## CONCLUSION

The Motion for Summary Judgment (construed as a Motion to Dismiss) at Docket 10 is GRANTED.  This matter is remanded to the state court for further proceedings.  The Motion for Hearing at Docket 35 is DENIED.

Dated at Anchorage, Alaska, this 27th day of September, 2007.

/s/ Timothy Burgess

Timothy M. Burgess
United States District Judge

---

[3] The Court notes that this motion would more accurately be styled as a Motion to Dismiss under Rule 12.